Michael S. Agruss (SBN: 259567)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x235
Fax: 866-620-2956
magruss@consumerlawcenter.com
Attorneys for Plaintiff,
CARLOS RAFANAN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLOS RAFANAN, <br><br> Plaintiff, <br><br> vs. <br><br> FOCUS RECEIVABLES MANAGEMENT, LLC, <br><br> Defendant. | Case No.: 09-CV-02715-JAM-KJM <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** <br><br> Date:     July 7, 2010 <br> Time:    9:30 a.m. <br> Judge:   Hon. John A. Mendez |

## I.
## INTRODUCTION:

On April 16, 2010, Defendant, Focus Receivables Management, LLC (Defendant), served a Rule 68 Offer of Judgment on Plaintiff, Carlo Rafanan (Plaintiff), for $1,000 in statutory damages, and reasonable attorneys' fees and costs incurred through and including the 10th day of the making of this offer as determined by the Court, unless the parties agree to such amount otherwise. (Docket # 18, p. 3-4.)  On April 20, 2010, Plaintiff accepted Defendant's Offer of Judgment.  (Docket # 18.)  On April 28, 2010, this Court entered Judgment in accordance with the terms of the Parties Offer of Judgment.  (Docket # 21.)  On April 28, 2010, Plaintiff filed this Motion for Attorney Fees and Costs.  (Docket # 22.)  Defendant opposed the motion.  (Docket # 38.)

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
ATTORNEY'S FEES

PDF created with pdfFactory trial version www.pdffactory.com

For the reasons more fully set forth below, the Court **GRANTS** in part, and **DENIES** in part, Plaintiff's Motion for Attorneys Fees' and Costs in the amount of $2,405.00.

## II.
## DISCUSSION:

### A. Evidentiary Rulings.

Defendant moved to strike numerous exhibits to Plaintiff's Motion for Attorneys Fees' and costs relative to the reasonableness of Plaintiff's Counsel's hourly rates. The Court is familiar with what attorneys in the jurisdiction charge and finds that Plaintiff's Counsel's rate of $290 an hour is reasonable. Thus, Defendant's evidentiary objections are **OVERRULED**.

### B. Plaintiff's Miscalculations.

Plaintiff initially sought $6,302.09 in attorneys fees and $426.61 in costs. Defendant's Opposition correctly argued that the time entries in Plaintiff's Statement of Services did not add up to the requested fee amount. In Plaintiff's Reply, he admits to this error and adjusted the amount of fees sought by $1,333.99, to $4,968.10. Thus, Plaintiff's motion only seeks $4,968.10 in fees and $426.61 in costs, for a total of $5,394.71.

### C. Costs.

Plaintiff bears the initial burden of proof in his motion. (*Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983).) Here, Plaintiff seeks $426.61 in costs; $350 of which is the Plaintiff's filing fee. Plaintiff has failed to document the remaining $76.61. Thus, Plaintiff may only recover the $350 filing fee.

PDF created with pdfFactory trial version www.pdffactory.com

D. **Reasonableness of the Fees Sought.**

1. **Adam Krohn.**

Plaintiff seeks 1.9 hours of time for Adam Krohn, at $394 an hour. Mr. Krohn is not admitted to practice law in California. As a matter of law, Plaintiff is not entitled to recover Mr. Krohn's fees. (*Taylor v. Chaing*, 2009 WL 453050, * 7 (E.D. Cal. Feb. 23, 2009.)

2. **Michael Agruss.**

Plaintiff seeks 10.3 hours of time for Michael Agruss, at a rate of $290 an hour. As indicated above, the Court finds that $290 an hour for Mr. Agruss is a reasonable rate for this judicial district.

   a. **Time spent on the Motion for Attorneys Fees and Costs.**

Turning to the hours requested, Plaintiff seeks 4.1 hours of time for Mr. Agruss's work on the pending Motion for Attorneys Fees and Costs. Here, the express terms of the Offer of Judgment limit the recoverability of fees and costs to those reasonably incurred through and including ten days after the Offer of Judgment was made. The time entries submitted indicate that the time spent on the Motion for Attorneys Fees and Costs was incurred *after* the expiration of the ten day time period agreed to in the Offer of Judgment. Acceptance of the Offer of Judgment as worded operates as a Waiver to any attorney fees and costs incurred after the expiration of the ten-day time period. (*See Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995).) There are no policy reasons to preclude the cutting off of fees and costs at the point a Rule 68 offer is made and accepted. (*Guerrero*, 70 F. 3d 1111 at 1114.). Therefore, Plaintiff may not recover the 4.1 hours spent on this Motion for Attorneys' Fees and Costs.

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

PDF created with pdfFactory trial version www.pdffactory.com

      **b.**    **Remaining Time.**

In light of the Waiver of the 4.1 hours, that leaves 6.2 hours sought by Mr. Agruss. Based on the Court's review of the materials submitted in this matter, and the time entries relative to Mr. Agruss's work in this matter, the Court reduces the amount of time to 5.0 hours.

    **3.**    **Ryan Lee.**

Plaintiff seeks 1.0 hour of time for Ryan Lee, at $290 an hour. None of Mr. Lee's time will be awarded.

    **4.**    **Douglas Baek.**

Plaintiff seeks 0.5 hours of time for Douglas Baek, at $185 an hour. The Court finds that Mr. Baek's time will be allowed, and the Court finds that $185 an hour is a reasonable hourly rate.

    **5.**    **Paralegals.**

Plaintiff seeks 6.8 hours of time for the paralegals, at $125 an hour. The Court has carefully reviewed all of the paralegal time entries and will not award any fees for work that is secretarial in nature. For example, paralegals billed for: filing proofs of service; serving a complaint; preparing a civil case cover sheet; etc. These are all tasks that a secretary can do, and will not be allowed. Therefore, the Court reduces the amount of time sought for the paralegals' efforts to 4.1 hours.

### III.
### CONCLUSION:

The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorney Fees' and Costs as follows:

PDF created with pdfFactory trial version www.pdffactory.com

As a matter of law, Mr. Krohn's attorney fees are not recoverable.

Mr. Agruss's time is reduced from 10.3 hours, to 5.0 hours at an hourly rate of $290, which equals to an award of $1,450.00.

Mr. Lee's time will not be allowed.

Mr. Baek's time and hourly rate are both reasonable, which equals to an award of $92.50.

The Paralegals' time is reduced from 6.8 hours, to 4.1 hours at an hourly rate of $125, which equals to an award of $512.00.

Costs of $350 for the filing fee will be allowed, the remaining $76.61 in costs have not been adequately documented and will not be allowed.

**THEREFORE**, the Court awards $2,055.00 in fees, and $350.00 in costs, for a total of $2,405.00.  The Court Clerk is ordered to amend the Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Dated: July 23, 2010                                            /s/ John A. Mendez

                                                                             Hon. John A. Mendez

                                                                             U.S. DISTRICT COURT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com